IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

LORRAINE SCHECHTMAN and
LEONARD SCHECHTMAN,

      Plaintiffs,                        CASE NO.:  0:24-cv-60150

vs.

MARRIOTT HOTEL SERVICES, LLC f/k/a
Marriott Hotel Services, Inc., d/b/a Fort
Lauderdale Marriott Harbor Beach Resort &
Spa; HARBOR BEACH PROPERTY, LLC;
MARRIOTT INTERNATIONAL, INC.;
OTIS ELEVATOR COMPANY and
DONELLE ZUNKER, Individually,

      Defendants.

_____/

## **NOTICE OF REMOVAL**

Defendant, Otis Elevator Company ("Otis"), by its undersigned counsel, hereby removes this action from the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and in support of this Notice of Removal states:

1.      Otis is a defendant in a lawsuit filed by Plaintiffs Lorraine Schechtman and Leonard Schechtman on March 20, 2023 in the Circuit Court in and for Broward County (17th Judicial Circuit), under the name and style of *Lorraine Schechtman and Leonard Schechtman vs. Marriott Hotel Services, LLC f/k/a Marriott Hotel Services, Inc., d/b/a Fort Lauderdale Marriott Harbor Beach Resort & Spa; Harbor Beach Property, LLC; Marriott International, Inc., Otis Elevator Company and Donelle Zunker, Individually*, Case No. CACE-23-006181.  A true and correct copy of Plaintiffs' Complaint is attached as Exhibit A.

[800003.473/5590638/1]      6305464.1

2.      Because the Circuit Court for Broward County lies within this District, this Court is the appropriate venue for removal. 28 U.S.C. §§ 1441(a) and 1446(a).

3.      Defendant Otis was served on June 9, 2023. The Complaint states common law negligence and product liability claims against the Defendants.

4.      Plaintiffs allege that Lorraine Schechtman was injured on an escalator at Fort Lauderdale Marriott Harbor Beach Resort & Spa, 3030 Holiday Drive, Fort Lauderdale, Florida on February 29, 2020. Plaintiffs further allege that Otis "manufactured, designed, installed, sold, and distributed" the subject escalator (Ex. A, *Cmpt.*, ¶ 33), and that Otis and the other Defendants were responsible for its maintenance. (*Id.,* ¶ 24).

5.      In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant Otis are attached hereto as Exhibit B.

6.      Pursuant to 28 U.S.C. § 1332(a)(1), this Court has original jurisdiction over this civil action because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

7.      Otis' Notice of Filing Notice of Removal of Civil Action is attached as Exhibit O.

**CITIZENSHIP OF THE PARTIES**

8.      Complete diversity exists in this action. Plaintiffs are citizens of Florida. (*See Ex. A, Amd. Cmpt.,* ¶ 3-4).

9.      Otis is a corporation incorporated in New Jersey, with its principal place of business in Connecticut (*Ex. A*, ¶ 11; Exhibit C). Defendant Marriott International, Inc. is a Delaware Corporation, with its principal place of business in Maryland (*Ex. A*, ¶ 7; Exhibit D).

10.     For purposes of diversity jurisdiction, a corporation is deemed a citizen of its state of incorporation and where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

Therefore, for purposes of removal based on diversity of citizenship, neither Otis nor Marriott International Inc. are citizens of the State of Florida. *See also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

11.     Defendant Marriott Hotel Services, LLC is a foreign limited liability company with its principal place of business in Maryland (*Ex. A*, ¶ 6; Exhibit E). Its sole member, Marriott International, Inc., resides in Maryland (*see, supra*).

12.     Defendant Harbor Beach Property, LLC is a foreign limited liability company with its principal place of business in Connecticut (*Ex. A*, ¶ 8; Exhibit F). Its sole member, WRS Advisors II LLC, resides in Connecticut. *Id.*

13.     For purposes of diversity jurisdiction, a limited liability company is deemed a citizen of any state of which a member of the company is a citizen. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Therefore, for purposes of removal based on diversity of citizenship, neither Marriott Hotel Services LLC nor Harbor Beach Property LLC are citizens of the State of Florida.

14.     Defendant Donelle Zunker resides in Florida. However, this Court must disregard the citizenship of Ms. Zunker because she is a fraudulently-joined party.

**FRAUDULENT JOINDER OF DEFENDANT ZUNKER**

15.     A defendant is fraudulently joined where there is no reasonable basis for a claim against it. *De Varona v. Discount Auto Parts LLC*, 860 F. Supp 2d 1344, 46 (S.D. Fla. 2012) (citing *Crowe v. Coleman*, 113 F.3d 1536, 1542 (11th Cir. 1997)). The potential for legal liability must be reasonable, not merely theoretical. *Legg v. Wyeth*, 428 F.3d 1317, 1325, fn. 5 (11th Cir. 2005).

16.     Here, Plaintiffs allege Defendant Zunker was the hotel manager of Marriott's beach resort and spa on the date of the subject incident, and purport to claim she is individually liable for

an allegedly defective or malfunctioning escalator, or liable for failing to warn of it. *Ex. A,* ¶ 13, *Ct. I, et seq.*

17.     However, Defendant Zunker was not working at the hotel and spa on the date of the subject incident, which was a Saturday (Exhibit G, *Defendant Zunker's Responses to Request for Admissions*). To be individually liable, a corporate official must have committed or participated in the tort. *White v. Wal–Mart Stores, Inc.*, 918 So.2d 357, 358 (Fla. 1st DCA 2005). In an alleged slip and fall injury case, this Court has previously held that when a defendant presents record evidence that a business manager was not present during the alleged incident, which is not rebutted by plaintiff, the Court should disregard the citizenship of that manager-defendant for purposes of removal. *De Varona*, 860 F. Supp 2d at 1347 (store manager was not present in parking lot and no facts showing he played any role in injuries).

18.     Florida courts have held that a corporate officer must have a personal duty towards the injured third party, breach of which specifically caused the party's damages. *McElveen v. Peeler*, 544 So.2d 270, 272 (Fla. 1st DCA 1989). "The necessary elements are: (1) the corporation owes a duty of care to the third party, the breach of which has caused the damage for which recovery is sought; (2) the duty is delegated by the principal or employer to the defendant officer; (3) the defendant officer has breached this duty through personal—as opposed to technical or vicarious—fault; and (4) with regard to the personal fault, personal liability cannot be imposed upon the officer simply because of his or her general administrative responsibility for performance of some function of his or her employment." *De Varona*, 860 F. Supp 2d at 1347.

19.     Here, given that Ms. Zunker was not even at the hotel on the date of this incident, there are no facts which would support a claim that she was *personally* liable (as opposed to technically at fault vis-à-vis her administrative responsibility) for Schechtman's alleged injuries.

20.     Accordingly, after disregarding the citizenship of Ms. Zunker, this action involves "citizens of different states."  28 U.S.C. § 1332(a)(1).  Removal is therefore proper under 28 U.S.C. 1441(b)(2).

## TIMELINESS AND CONSENT

21.     Defendants Marriott Hotel Services, LLC, Harbor Beach Property, LLC, and Marriott International, Inc consent to removal (Exhibit H) and this Notice of Removal is timely filed within 30 days after Defendant Otis learned for the first time that Defendant Zunker was fraudulently joined. 28 U.S.C. § 1446(b)(3).  Specifically, this Notice of Removal is filed within 30 days of service of Defendant Zunker's Answers to Plaintiff's First Requests for Admission (*Ex. G*) wherein Ms. Zunker denies that she was present at Marriott's hotel and spa on the date of Plaintiff Lorraine Schechtman's alleged incident.

## AMOUNT IN CONTROVERSY

22.     The removal statute provides that

the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that … the notice of removal may assert the amount in controversy if the initial pleading seeks … a money judgment, but the State practice … permits recovery of damages in excess of the amount demanded; and … if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(A) [i.e., $75,000, exclusive of interest and costs].

28 U.S.C. § 1446(c)(2)(A)(ii).

23.     To meet its burden with regard to the jurisdictional amount, the Notice of Removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "Defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met." *Owens,* 574 U.S. at 89-90.

24.     If the plaintiff contests the defendant's allegation as to the amount in controversy, the court must find by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id.* at 89 ("defendants may simply allege or assert that the jurisdictional threshold has been met. Discovery may be taken with regard to that question. In case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies"); *see also*, *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010).

25.     This Court may look to the face of Plaintiffs' Complaint to determine jurisdiction. *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011). Here, Plaintiffs do not state a specific amount of damages, although they acknowledge they are seeking more than "$50,001.00 exclusive of costs and attorney's fees" (Ex. A). Plaintiff alleges her "injuries are either permanent or continuing in nature" (Ex. A, ¶ 23) and she was

> injured in and about her body, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, incurred medical expense in the treatment of the injuries, and suffered physical handicap … (*Id.*)

26.     According to Plaintiff's interrogatory answers, she "required multiple hospitalizations and interventions" as a result of her fall down the escalator, including back surgery (Exhibit I). The back surgery was a four-level lumbar fusion surgery performed by Dr. Nathaniel Lowen in March 15, 2022 (Exhibit J).

27.     Plaintiff's medical bills alone significantly exceed the jurisdictional threshold. On the date of the alleged incident, February 29, 2020, Plaintiff incurred $14,889.14 in medical bills at Broward Health Medical Center (Exhibit K). Between March 12, 2020 and August 11, 2020, Plaintiff incurred $22,690.00 from Boynton Oral & Maxillofacial Surgery & Implant Center (Exhibit L). Between June 2, 2020 and March 15, 2022, Plaintiff incurred $141,302.00 from Florida Back Institute, Inc. (Exhibit M).

28.     In addition, Plaintiffs filed a motion with the state trial court asking that their Requests for Admission that their damages exceed $75,000.01 be deemed admitted under the Florida rules (Exhibit N). Thus, Plaintiffs cannot now reasonably deny something they have asked the Defendants to admit under oath.

29.     Moreover, Plaintiffs made a settlement demand after this action was filed for an amount greatly exceeding the jurisdictional threshold[1]. See, *Coopersmith v. Scottsdale Ins. Co.,* 18-CV-23382, 2019 WL 1252627, at *2 (S.D. Fla. Mar. 19, 2019) (settlement demand can show the amount in controversy for removal purposes).

30.     Plaintiffs' own pleadings, claims, medical treatments, bills, and settlement demand clearly show by a preponderance of the evidence that the amount in controversy here greatly exceeds the jurisdictional minimum. Thus, Otis has easily met its burden to show only a plausible allegation that the amount in controversy establishes jurisdiction for this Court.

## CONCLUSION

31.     Because both of the requirements for federal diversity jurisdiction are satisfied, this action is removable pursuant to 28 U.S.C. §§ 1441 and 1446.

WHEREFORE, notice is given that this action is removed from the Circuit Court of the County of Miami-Dade, to the United States District Court for the Southern District of Florida.

*[Signature and Certificate of Service are on the following page.]*

---

[1] The settlement demand amount can be provided to this Court in the event Plaintiffs deny the amount in controversy exceeds the jurisdictional threshold.

[800003.473/5590638/1]     6305464.1

Dated: January 26, 2024

Respectfully submitted,

Shapiro, Blasi, Wasserman
& Hermann, P.A.
*Counsel for Defendant, Otis Elevator*
7777 Glades Road, Suite 400
Boca Raton, FL 33434
(561) 477-7800 (Telephone)
(561) 477-7722 (fax)

By: ***/s/ Robert E. Sacks***
Robert E. Sacks
Florida Bar No. 0388970
rsacks@sbwh.law
sfiero@sbwh.law

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 26, 2024, a true and correct copy of the foregoing document is being electronically served on all counsel of record identified in the Service List below.

*s/ Robert E. Sacks*
ROBERT E. SACKS, ESQ

## SERVICE LIST

Lorraine Schechtman, et al. v. Marriott Hotel Services, LLC, et al
Case No.: 0:24-cv-60150
United States District Court, Southern District of Florida

Corey B. Friedman, Esq.
John F. Roman, Esq.,
Roman Law Group,
Post Office Box 21349,
West Palm Beach, FL 33416,
corey@romanolawgroup.com;
andrea@romanolawgroup.com

*Counsel for Plaintiffs*

Daniel Novigrod, Esq.,
Hightower, Stratton, Novigrod, & Kantor,
4770 Biscayne Blvd., Suite 1200,
Miami, FL 33137
miaservice@hightowerlaw.net

*Counsel of Marriott Hotel Services, LLC, Marriott International Inc. and Donelle Dunker*